## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DIXIE PANKOTAI,

               Plaintiff,

     v.

ANDREW BROWN,

               Defendant.

CIVIL ACTION NO. 4:16-CV-00484

(KANE, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

       This is a breach of contract action, initiated upon the filing of a *pro se* complaint in this matter on March 21, by Plaintiff Dixie Pankotai on behalf of her minor children. (Doc. 1). For the reasons provided herein, the Court respectfully recommends *sua sponte* dismissal of the complaint without prejudice for lack of subject matter jurisdiction.

### I. BACKGROUND

       Plaintiff Dixie Pankotai, proceeding *pro se*, initiated this lawsuit on March 21, 2016. (Doc. 1). It appears that Plaintiff seeks to have this Court enforce an original written agreement between the parties in the amount of $1400 and a "secondary" agreement in the amount of $700 regarding their two (2) minor children, PAB and TEB.  (Doc. 1, at 6).

### II. STANDARD OF REVIEW

       Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to

actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. <u>DISCUSSION</u>

### A. <span style="font-variant:small-caps">Claims Brought on Behalf of a Minor Child</span>

As an initial matter, the Court notes that Plaintiff has filed this *pro se* action on behalf of her minor children. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party

is unrepresented [by counsel]." Fed. R. Civ. P. 11(a). The complaint in this case was signed by Plaintiff Dixie Pankotai, representing herself without counsel, as is her right under 28 U.S.C. § 1654. However, the complaint also includes several other named plaintiffs, including her two minor children.

A non-lawyer plaintiff, appearing *pro se*, is not permitted to represent other parties, including minor children or other family members, in federal litigation. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) ("[I]t is not in the interest of minors or incompetents that they be represented by non-attorneys Where they have claims that require adjudication, they are entitled to trained legal assistance to their rights may be fully protected."); *Williams v. United States*, 477 Fed. App'x. 9, 11 (3d Cir. 2012) (per curiam) (non-lawyer holding power of attorney under state law not permitted to represent her father *pro se* in federal litigation). Here, it appears that Plaintiff seeks relief solely on behalf of her minor children. However, Plaintiff, acting in a *pro se* capacity, cannot represent the interests of her minor children. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C.A. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."); *Lawson v. Edwardsburg Public Sch.*, 751 F. Supp. 1257, 1258 (W.D. Mich. 1990) ("While a litigant has the right to act as his or her own counsel, *see* 28 U.S.C. § 1654, a non-attorney parent is not permitted to represent the interests of his or her minor child.").

Accordingly, the Court must dismiss without prejudice this action brought on behalf of Plaintiff's minor children.

B. SUBJECT MATTER JURISDICTION

Subject matter jurisdiction may be predicated on federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. A federal court is required to assess its own jurisdiction over any controversy it may hear, even when the parties have not asserted any jurisdictional question. *See Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) ("[Federal Courts] are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction."). Consequently, doubts with respect to subject matter jurisdiction may be raised *sua sponte* by the Court pursuant to Federal Rule of Civil Procedure 12(h)(3). *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the Court is mindful that that *pro se* complaints must be afforded considerable latitude and construed so "as to do substantial justice," *Alston v. Parker,* 363 F.3d, 229, 234 (3d Cir. 2004), *pro se* plaintiffs are not relieved of the requirement to plead an adequate jurisdictional basis for their claims.

### 1. Federal Question Jurisdiction

As an initial matter, Plaintiff checked the "federal question" box on her civil coversheet to invoke federal question jurisdiction over her complaint pursuant to 28 U.S.C. § 1331. (Doc. 1, at 4).

Federal question jurisdiction requires that a complaint "aris[e] under the Constitution, laws, or treaties of the United States." Specifically, a federal question exists where a well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27–28 (1983). "At the

pleadings stage, the presence of federal question jurisdiction turns on whether 'a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hubi v. Nalty*, No. CIV.A. 10-3821, 2011 WL 2292808, at *1 (E.D. Pa. June 8, 2011) (quoting *Bracken v. Matgouranis,* 296 F.3d 160, 163 (3d Cir. 2002)).

Here, the complaint solely asserts a breach of contract claim against Andrew Brown, who appears to be the father of Plaintiff's minor children. (Doc. 5, at 1). This claim, however, does not arise under federal law. Rather, the allegations contained in the complaint lie exclusively within the jurisdiction of the state courts. Thus, the complaint provides no basis for this Court to invoke federal question jurisdiction over Plaintiff's claim against the father of her minor children.

### 2.  Diversity Jurisdiction

While Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332(a)(1), in construing the complaint liberally, the Court nevertheless considers whether jurisdiction is proper by reason of the diversity of the parties given the lack of a federal question presented Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." In determining whether the amount in controversy meets the requisite jurisdictional threshold, the Court applies the following standard:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.... But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is

satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

Furthermore, "[j]urisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187 (1990)). For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.,* 540 F.3d 179 182 (3d Cir. 2008) (citation omitted). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan,* 465 F.2d 1298, 1300–01 (3d Cir.1972). "A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes." *Kovacs v. Zumstein, Inc.*, No. CIV.A. 3:11-CV-656, 2011 WL 1541297, at *2 (M.D. Pa. Apr. 22, 2011).

Here, it is apparent on the face of the complaint that diversity of citizenship is plainly lacking based upon Plaintiff's averment that both Plaintiff and Defendant are citizens of Pennsylvania. Moreover, the alleged amount in controversy only totals $2,100.000, an amount that does not meet the jurisdictional threshold. Accordingly, in accordance with its continuing obligation to assess its subject matter jurisdiction, the Court recommends *sua sponte* dismissal of the complaint without prejudice for lack of federal question jurisdiction and for want of diversity jurisdiction over any state law breach of contract claim against the named Defendant. *Vanderwiele v. Murphy*, No. CIV.A. 05-5145, 2005 WL 2453168, at *1 (E.D. Pa. Oct. 3, 2005).

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** as to all claims brought on behalf of *pro se* Plaintiff's

minor children, and for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**BY THE COURT:**

Dated: March 31, 2016

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DIXIE PANKOTAI,

            Plaintiff,

    v.

ANDREW BROWN,

            Defendant.

CIVIL ACTION NO. 4:16-CV-00484

(KANE, J.)
(MEHALCHICK, M.J.)

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 31, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: **March 31, 2016**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**